IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUIS SULLIVAN,

    Petitioner,

vs.                                                                  CIVIL NO. 16-cv-1021-DRH

WARDEN DORETHY,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in Hill Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his sentence. The underlying Petition was filed on September 9, 2016. Petitioner challenges his sentence because he alleges that his trial counsel was ineffective when he advised Petitioner to enter a guilty plea.

Petitioner was sentenced to 20 years on a charge of First Degree Murder on May 10, 2006 in Madison County, Illinois. (Doc. 1, p. 1). He pleaded guilty. (Doc. 1, p. 1). Petitioner now alleges that his plea was deficient because 1) he did not understand the sentence; 2) counsel mislead him into believing that he did not have a defense, when he had a defense worthy of trial; 3) he was improperly coerced into pleading guilty by promises of leniency; 4) the factual record was improper; and 5) the trial court did not timely take up his motion. (Doc. 1, p. 3). Presumably, the motion that Petitioner refers to is his Motion to withdraw his guilty plea, which he alleges he filed on June 6, 2006. (Doc. 1, p. 3). Petitioner

further alleges that the trial court mishandled his motion, and it was not heard until this year. (Doc. 1, p. 5). According to Madison County records, Petitioner's motion to withdraw his guilty plea was denied on April 1, 2016. *State of Illinois v. Louis Sullivan*, No. 2005-cf-509. Petitioner then appealed to the Illinois Appellate Court, Fifth Judicial District. (Doc. 1, p. 2). According to the Petition, that appeal is still pending, in Case No. 5-16-0150. (Doc. 1, p. 2. 5-6). The Petition does not allude to any other appeals that Petitioner has filed prior to bringing the present action. Petitioner states several times throughout his filings that the Court of Appeals has not yet ruled on his case.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme

court with powers of discretionary review.  *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).  A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509.  Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has affirmatively stated here that he has not exhausted his state court remedies.  He has stated that he is awaiting a decision from the state appellate court regarding the same issues he presents here.  Petitioner further states that he thinks that he should be entitled to immediate release due to the fact that the state court process has moved slowly, but that is not sufficient at this stage.  Regardless of what happened at the trial court level, Petitioner's appeal is recent and Petitioner must await the outcome of that process. Petitioner must complete at least one round of state court review, including appealing to the state supreme court.  Because he states that the appellate court has not yet ruled on the issues presented, Petitioner has not exhausted his state court remedies.

## Disposition

For the reasons stated above, the instant habeas Petition is **DISMISSED** without prejudice. If necessary, Petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED.**

Signed this 4th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.04 15:01:36 -05'00'

**United States District Judge**